UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>GUILLERMO VILLAVICENCIO,<br><br>    Defendant. | Case No: CR 09-00526 SBA<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT**<br><br>Dkt. 75 |

Defendant Guillermo Villavicencio ("Defendant") is charged in a one-count Indictment with a violation of 8 U.S.C. § 1326(a) and (b)—Deported Alien Found in the United States. The parties are now before the Court on Defendant's Motion to Dismiss Indictment under <u>Padilla v. Kentucky</u>. Dkt. 75. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below.

I.  **BACKGROUND**

   A.  **PRIOR PROCEEDINGS**

Defendant was born in Nicaragua on June 1, 1966. While living in Nicaragua, he had two children with Magali Villavicencio ("Magali"). In November 1988, Defendant illegally entered the United States without inspection. Magali came to the United States in 1993, and the two were married in 1994 in Maryland. In March 2000, Defendant's 15-year old daughter and 14-year old son from Nicaragua moved to the United States to live with him and his wife. After his children moved to the United States, Defendant began molesting and sexually abusing his older daughter.

On January 11, 2001, Mr. Villavicencio was charged in a six-count Indictment in the Circuit Court in Montgomery County, Maryland with one count of child abuse in violation of Maryland Annotated Code, Article 27, section 35C, and five counts of third degree sexual abuse, in violation of Maryland Annotated Code, Article 27, section 464B. Def.'s Ex. B, Dkt. 75-1. Defendant was represented by a public defender.

On March 15, 2002, Defendant, with the advice of counsel, entered into a plea agreement, pursuant to which he pled guilty to second degree assault based on five sexual molestation incidents, in violation of Article 27, Section 12A of the Maryland Annotated Code.[1] During the plea colloquy, the judge confirmed with the Defendant that he had been advised of the immigration consequences of his plea:

> Q. Now, finally, I want to advise you that in the event that you are not a United States citizen, as a result of the guilty plea in this case you might face additional consequences <u>such as deportation</u>, detention, or ineligibility for United States citizenship, and if you would like to speak to your attorney, Mr. Kennedy, at this time regarding that issue you may do so.
>
> A. I did. I understand.

Hill Decl. Ex. 1 at 15:11-18 (emphasis added), Dkt. 7-8. Defendant was then sentenced to eleven months in prison.

Following his conviction, Defendant was placed in removal (i.e., deportation) proceedings based on two grounds: (1) an aggravated felony conviction under INA §237(a)(2)(E)(I), codified at 8 U.S.C. § 1227(a)(2)(A)(iii); and (2) criminal child abuse under INA § 237(a)(2)(E)(I), codified at 8 U.S.C. § 1227(a)(2)(E)(I).[2] Defendant's removal process consisted of three hearings during September 2003. At the outset of

---

[1] The Indictment was modified consistent with his plea. Specifically, the offense title of "Child Abuse" was crossed out and the offense of "Second Degree Assault" was written in by hand. Def.'s Ex. A, Dkt. 75-1. Id. In the charging allegations, the words "while being a parent having care, custody and responsibility for the supervision [of his daughter did] cause abuse" were again crossed out by hand, and the words "cause offensive physical conduct" were written in by hand next to the words "to said child" in its place. Id.

[2] The removal proceedings were discussed in detail in this Court's prior order denying Defendant's earlier motion to dismiss. See United States v. Villavicencio, CR 09-526 SBA, 2011 WL 4345161, at *1 (N.D. Cal. Sept. 14, 2011).

Defendant's first hearing held on September 15, 2003, the immigration judge ("IJ") advised Defendant that if he disagreed with her decision, he had the right to appeal within 30 days. In response, Defendant informed the IJ that he was not going to appeal.

On the third and final hearing held on September 29, 2003, the IJ ordered Defendant removed from the United States based on his conviction of a crime of child abuse, pursuant to INA § 237(a)(2)(E)(I), codified at 8 U.S.C. § 1227(a)(2)(E)(I). The IJ concluded the hearing with the following statement: "Under the law you have the right to file an appeal within 30 days. You may state now whether you wish to file an appeal or whether you waive your right to appeal and wish to accept this as your final order." Defendant replied, "I'm not going to appeal." On November 15, 2003, defendant was removed from the United States.

### B. THE PRESENT ACTION

In April 2009, Defendant was found in the Alameda County jail where he came to the attention of the United States immigration authorities following his arrest and detention for a burglary offense. A federal grand jury for the Northern District of California returned a one-count Indictment against Defendant on May 20, 2009, charging him with being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a) and (b).

Defendant filed a motion to dismiss the indictment on the grounds that the underlying deportation order is invalid. Dkt. 44. On September 14, 2011, the Court issued an order denying the motion. United States v. Villavicencio, CR 09-526 SBA, 2011 WL 4345161, at *1 (N.D. Cal. Sept. 14, 2011), Dkt. 59. Defendant has now filed a second motion to dismiss in which he now claims that the removal order was invalid because the underlying conviction was "constitutionally defective." Def.'s Mot. to Dismiss at 1, Dkt. 75. Citing Padilla v. Kennedy, – U.S. –, 130 S.Ct. 1473 (2010), Defendant argues that his prior defense counsel in the 2002 proceeding was ineffective by allegedly failing to advise him of the immigration consequences of a guilty plea. The Government has filed an

opposition to the motion in which it contends that Defendant's motion is both procedurally and substantively flawed. The matter has been fully briefed and is ripe for adjudication.³

## II. DISCUSSION

### A. COLLATERAL ATTACK

To establish a violation of 8 U.S.C. § 1326, the Government must prove that: (1) the defendant was deported from the United States; (2) thereafter, the defendant voluntarily entered the United States; (3) defendant knew he was entering the United States; (4) the defendant was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States; and (5) the defendant was an alien at the time of his entry into the United States. See Ninth Cir. Model. Instr. 9.8 (2010). A valid removal order is prerequisite to establish a § 1326 violation. See United States v. Mendoza-Lopez, 481 U.S. 828, 837-39 (1987).

Under subsection (d), a defendant charged with illegal reentry under § 1326 may seek dismissal of an illegal reentry charge by collaterally attacking the prior removal order. 8 U.S.C. § 1326(d). There are three prerequisites to a collateral attack of a deportation order: (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair. 8 U.S.C. § 1326(d); United States v. Ramos, 623 F.3d 672, 680 (9th Cir. 2010). "An underlying removal order is fundamentally unfair if an alien's due process rights were violated by defects in the underlying deportation proceeding, and if he suffered prejudice as a result of the defects." Ramos, 623 F.3d at 680.

Defendant contends that his 2002 state court conviction is invalid due to ineffective assistance of counsel under Padilla which, in turn, invalidates the 2003 removal order

---
³ The Court notes that in addition to the instant motion, the parties filed several in limine motions in anticipation of trial. Dkt. 71-74. In light of the parties' agreement to forego a jury trial and to proceed by way of a stipulated facts trial, these motions in limine are denied as moot.

which forms the basis of the instant charges. As a threshold matter, Defendant has made no showing that he has exhausted his administrative remedies. In addition, the record shows that Defendant was afforded the opportunity to seek judicial review of his removal order be declined to do so. That notwithstanding, the law is clear that a defendant may not collaterally attack a prior felony conviction based on a claim of ineffective assistance of counsel. <u>Custis v. United States</u>, 511 U.S. 485, 496 (1994) (holding that the Constitution requires only that collateral attacks be allowed against predicate convictions obtained in violation of the right to appointed counsel, and does not extend to claims for ineffective assistance of counsel); <u>see also</u> <u>United States v. Gutierrez-Cervantez</u>, 132 F.3d 460, 462 (9th Cir. 1997) (holding that only a challenge to a prior conviction based on the denial of the right to counsel may be collaterally challenged in a § 1326(b) prosecution); <u>Contreras v. Schiltgen</u>, 122 F.3d 30, 33 (9th Cir. 1997) (holding that an alien could not collaterally attack the felony conviction underlying his deportation order based on a claim of ineffective assistance of counsel and his recourse was to pursue an action against the state in which the conviction was rendered). Because Defendant's motion to dismiss is tantamount to an impermissible collateral attack on his prior conviction, dismissal of the Indictment is not warranted.

**B.  MERITS OF INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM**

Even if Defendant could collaterally attack his 2002 conviction, the Court is unpersuaded that he has presented a meritorious claim of ineffective assistance of counsel. Under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), a party asserting an ineffective assistance claim must show that: (1) "that counsel's representation fell below an objective standard of reasonableness," <u>id.</u> at 688; and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," <u>id.</u> at 694. Judicial scrutiny of counsel's performance is "highly deferential." <u>Id.</u> at 689. A claim for ineffective assistance of counsel fails if either one of the prongs is not satisfied. <u>Id.</u> at 697.

| | |
|---|---|
| **1** | With regard to the first prong under the Strickland test, Defendant contends that he |
| **2** | was not properly advised of the consequences of pleading guilty in accordance with Padilla, |
| **3** | which held that a claim of ineffective assistance of counsel may be based upon misadvising |
| **4** | or failing to advise a defendant regarding the possible immigration consequences of a plea. |
| **5** | Padilla, 130 S.Ct. at 1487.  However, Defendant's allegations flatly contradict sworn |
| **6** | statements he made during his plea colloquy regarding the adequacy and scope of defense |
| **7** | counsel's representation; i.e., that his counsel had discussed with him the immigration |
| **8** | consequences of a guilty plea and that he understood them.  Hill Decl. Ex. 1 at 15. |
| **9** | Notably, Defendant makes no attempt to explain why his current claim that he was not |
| **10** | advised of the immigration consequences attendant to pleading guilty should be credited |
| **11** | over his prior, sworn statements to the contrary during his plea colloquy.  See Blackledge v. |
| **12** | Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong |
| **13** | presumption of verity."). |
| **14** | Nor has Plaintiff made a sufficient showing of prejudice under Strickland. |

Defendant alleges that had he been advised that pleading guilty to a crime of child abuse would result in his deportation, he would not have pled guilty to such an offense.  Rather, Defendant now avers that to avoid deportation, he "would have been more than willing to plead guilty to a more serious change or spend more time in custody in order to avoid mandatory deportation."  Def.'s Mot. at 8.  The other charges were for third degree sexual abuse under Maryland law, which qualifies as an aggravated felony under INA § 237(a)(2)(A)(iii), codified at 8 U.S.C. § 1227(a)(2)(A)(iii), or a crime of moral turpitude under INA § 237(a)(2)(A)(i), codified at 8 U.S.C. § 1227(a)(2)(A)(i).  Thus, even if Defendant had not pled guilty to second degree assault, he would have been subject to deportation in any event.  Because Defendant has not shown that he would have not been removed notwithstanding his prior counsel's allegedly deficient advice, he cannot make the requisite showing of prejudice.  See Strickland, 466 U.S. at 694 ("defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

## III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT Defendant's Motion to Dismiss Indictment Under <u>Padilla v. Kentucky</u> is DENIED. This Order terminates Docket 70-75.

IT IS SO ORDERED.

Dated: February 21, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge